IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREGORY SELLMAN, an individual; and VINCENT NAVARRE, an individual,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., a Delaware corporation; ROBERT KIME, an individual,<br><br>　　　　　　　Defendants. | No. 2:21-cv-01105<br><br>NOTICE OF REMOVAL<br>(Diversity)<br><br>(from served and unfiled King County Superior Court Case) |

TO:　　　　The Clerk and the Honorable Judges of the U.S. District Court for the Western District of Washington;

AND TO:　　Gregory Sellman and Vincent Navarre, Plaintiffs;

AND TO:　　John M. Cummings, Counsel for Plaintiffs.

　　　Under 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Boehringer Ingelheim Pharmaceuticals, Inc. and Robert Kime (hereinafter "Defendants"), by and through their undersigned attorneys, hereby remove this action from King County Superior Court to this Court on the grounds of diversity jurisdiction.

　　　The following statement is submitted under 28 U.S.C. § 1446(a):

**COMMENCEMENT**

　　　1.　　Defendant Boehringer Ingelheim Pharmaceuticals, Inc. were served copies of Plaintiffs' Summons and Complaint on July 22, 2021. Declaration of Barry Johnsrud ("Johnsrud

NOTICE OF REMOVAL (DIVERSITY) - 1
(Case No. 2:21-cv-01105)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

Decl.") ¶2.  On behalf of Defendant Robert Kime, defense counsel accepted service of the Summons and Complaint on August 17, 2021.  *Id*.  Plaintiffs' Summons and Complaint both bear a King County Superior Court caption.  **Attachment A**, Complaint.

2. On information and belief, Plaintiffs have not yet filed their Summons and Complaint in King County Superior Court.  Nevertheless, Plaintiffs have commenced the civil action in King County Superior Court by serving the Summons and Complaint on Defendants, pursuant to RCW 4.16.170, Washington Superior Court Civil Rule 3(a), and case law, including *Walker v. Orkin, LLC*, 10 Wn. App. 2d 565, 569, 448 P.3d 815 (2019).

## DIVERSITY JURISDICTION

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because (1) there is complete diversity of citizenship between all of the Plaintiffs and all of the Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (3) all other requirements for removal have been satisfied.

4. Plaintiffs both reside in Washington.  **Attachment A**, Complaint ¶¶1.1-1.2.  On information and belief, Plaintiffs are citizens of Washington.

5. Defendant Boehringer Ingelheim Pharmaceuticals, Inc. is incorporated in Delaware.  *Id.* ¶1.3.  Defendant Boehringer Ingelheim Pharmaceuticals, Inc.'s principal place of business and headquarters is located in Connecticut.  *Id.*  Therefore, Defendant Boehringer Ingelheim Pharmaceuticals, Inc. is a citizen of the states of Delaware and Connecticut.  *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80, 92-93 (2010).

6. Defendant Robert Kime resides in California, **Attachment A**, Complaint ¶1.4, and is a citizen of that state.  Defendant Kime has consented to the removal of this action.

7. Complete diversity exists where each plaintiff is of diverse citizenship from each defendant.  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  Here, Plaintiffs are both citizens of Washington; Defendant Boehringer Ingelheim Pharmaceuticals, Inc. is a citizen of Delaware and Connecticut; and Defendant Robert Kime is a citizen of California.  As a result, complete diversity exists between the parties.  *See* 28 U.S.C. § 1332(a)(1), (c)(1).

NOTICE OF REMOVAL (DIVERSITY) - 2
(Case No. 2:21-cv-01105)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

**AMOUNT IN CONTROVERSY**

8. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

9. Under Local Civil Rule (LCR) 101(a), Defendants have a good faith belief that the amount in controversy exceeds $75,000, notwithstanding the fact that the Complaint and its Request for Relief do not specify the dollar amount of damages being sought, for the reasons stated in the following paragraphs.

10. Plaintiffs allege that Defendants violated the Washington Law Against Discrimination (WLAD) as to both Plaintiffs, that Defendants unlawfully terminated Plaintiff Sellman in violation of public policy, and that Defendants engaged in wage theft under RCW 49.52.050 as to both Plaintiffs. **Attachment A**, Complaint, ¶¶4.1-7.4.

11. First, Plaintiffs seek economic damages. *Id.* at ¶¶4.3, 5.2; Request for Relief ¶1. Under the WLAD, such damages include back pay and front pay. RCW 49.60.030(2); *e.g.*, *Martini v. Boeing Co.*, 137 Wn.2d 357, 359, 378 (1999). Back pay through trial and front pay both count towards the amount in controversy for removal purposes. *See Rush v. Victoria's Secret Stores, LLC*, Case No. C19-0985RSL, 2019 U.S. Dist. LEXIS 145706 (W.D. Wash. Aug. 27, 2019) (denying motion to remand WLAD case because the diversity jurisdictional threshold was met when including back pay through trial, front pay, potential emotional distress damages, and reasonable attorney fees); *Matthiesen v. AutoZone Stores, Inc.*, Case No. 2:15-CV-0080-TOR, 2015 WL 3453418, 2015 U.S. Dist. LEXIS 69932, at *6-7 (E.D. Wash. May 29, 2015) (same, where plaintiff earned $12.50 per hour); *Grieff v. Brigandi Coin Co.*, Case No. C14-214 RAJ, 2014 WL 2608209, 2014 U.S. Dist. LEXIS 80509, at *10-11 (W.D. Wash. Jun. 11, 2014) ("Generally, legal rights accrue, and damages are incurred, at the time the injury or harm occurs, or, in the case of future damages such as future lost income, the damages relate back to the same injury or harm. Thus, damages, including future damages, provide a remedy for an injury suffered prior to the case arriving in federal court.").

NOTICE OF REMOVAL (DIVERSITY) - 3
(Case No. 2:21-cv-01105)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

12. At the time of Plaintiff Sellman's separation from employment on or about December 17, 2020, he earned a base salary of $140,000 per year, exclusive of benefits. Tamille Barrett Decl. ¶2. Therefore, if Plaintiff Sellman is successful at a trial, quite conservatively estimated at 12 months from now, Plaintiff Sellman reasonably could recover approximately **$235,000** through trial in backpay alone. Johnsrud Decl. ¶4. Further, if successful at trial, it is also possible that Plaintiff Sellman might be awarded front pay in addition to an award of back pay. *Id.*

13. At the time of Plaintiff Navarre's separation from employment on or about March 5, 2021, he earned a base salary of $90,610 per year, exclusive of benefits. Barrett Decl. ¶3. Therefore, if Plaintiff Navarre is successful at a trial, quite conservatively estimated at 12 months from now, Plaintiff Navarre reasonably could recover approximately **$133,000** through trial in backpay alone. Johnsrud Decl. ¶5. Further, if successful at trial, it is also possible that Plaintiff Navarre might be awarded front pay in addition to an award of back pay. *Id.*

14. Second, Plaintiffs seek their attorney fees and costs, which themselves are reasonably expected to exceed the $75,000 amount in controversy requirement for each plaintiff. **Attachment A**, Complaint ¶7.4; Request for Relief ¶4. Attorney fees are included in computing the amount in controversy. *E.g., Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018). This includes the amount of expected future attorney fees since they are "at stake" in the litigation. *Id.* at 794 (quoting and applying *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018)). RCW 49.60.030(2), RCW 49.52.050, and Washington case law on the claim of termination in violation of public policy each authorize an award of reasonable attorney fees to successful plaintiffs. Lead defense counsel of record has not seen a fee petition for a successful plaintiff's attorney for less than $75,000.00 in at least 15 years. Johnsrud Decl. ¶6. If this matter proceeds to trial, it will take at least 1,000 billable hours worked by the attorneys on each side. *Id.* Even at a rate of $200 per hour, that is an additional $200,000. According to the McGavick Graves P.S. website at https://mcgavickgraves.com/attorney/john-m-cummings/, Plaintiffs' counsel is a lawyer with over ten years of experience, and his hourly rate is expected to be at least $200 per hour. *Id.*

(Case No. 2:21-cv-01105)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

15. Finally, on behalf of each Plaintiff, Plaintiffs' counsel sent demand letters to Defendant Boehringer Ingelheim Pharmaceuticals, Inc. for amounts well in excess of $75,000. Johnsrud Decl. ¶7.

16. Therefore, based on Plaintiffs' Complaint and their requested and demanded relief, the amount in controversy here individually and collectively exceeds $75,000, and this action is between citizens of different states.  Therefore, this Court has original jurisdiction over this civil action.  28 U.S.C. § 1332(a)(1).

**TIMELY REMOVAL**

17. This Notice of Removal is being timely filed within 30 days of July 22, 2021, when Defendant Boehringer Ingelheim Pharmaceuticals, Inc. was served with the initial pleading upon which this removal is based.  *See* 28 U.S.C. § 1446(b)(2)(B).

**VENUE**

18. Under 28 U.S.C. § 1441(a), this Court is the appropriate venue for removal because it is the federal district court for the district and division where the King County Superior Court case was commenced.

19. Defendants reserve the right to amend or supplement the statement of their grounds for removal of this case based upon discovery exchanged between the parties or circumstances that become known during the investigation of the case.

20. Based on the above, Defendants respectfully ask this Court to accept removal of this action on the ground of diversity jurisdiction.

DATED this 17th day of August, 2021.

Respectfully submitted,

JACKSON LEWIS P.C.

By: _____
Barry Alan Johnsrud, WSBA #21952
520 Pike Street, Suite 2300
Seattle, WA 98101
Telephone:  206-626-6411
Facsimile:  206-405-4450
Barry.Johnsrud@jacksonlewis.com

NOTICE OF REMOVAL (DIVERSITY) - 5
(Case No. 2:21-cv-01105)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

By: _____
Jonathan M. Minear, WSBA #41377
520 Pike Street, Suite 2300
Seattle, WA 98101
Telephone:  206-626-6432
Facsimile:  206-405-4450
Jonathan.Minear@jacksonlewis.com

Counsel for Defendants Boehringer Ingelheim Pharmaceuticals, Inc. and Robert Kime

NOTICE OF REMOVAL (DIVERSITY) - 6
(Case No. 2:21-cv-01105)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

# DECLARATION OF SERVICE

The undersigned declares under penalty of perjury under the laws of the United States of America that a true and accurate copy of the document to which this declaration is affixed was sent to the following:

| | |
|---|---|
| John M. Cummings, WSBA #40505<br>McGavick Graves, P.S.<br>1102 Broadway, Suite 500<br>Tacoma, WA 98402<br>jmc@mcgavick.com<br><br>Counsel for Plaintiff | ☒ via CM/ECF System<br>☒ via Electronic Mail<br>☐ via USPS Mail<br>☒ via Federal Express<br>☐ via Hand-delivery<br>☐ Other: _____ |

Dated this 17th day of August, 2021, at Seattle, Washington.

_____
Nani Vo

4821-5575-0133, v. 3

NOTICE OF REMOVAL (DIVERSITY) - 7
(Case No. 2:21-cv-01105)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404